## PAVERMAN v. JOLINE et al.

(Supreme Court, Appellate Term. December 22, 1909.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRIAL (§§ 211, 255*)—INSTRUCTIONS—REQUESTS—NECESSITY.

It is not improper to charge that plaintiff, suing for a personal injury, was not bound to call a person who took him home after the accident and was in court at the trial; and where the circumstances justify any inference against plaintiff from the failure to call such person, defendant must raise the question by requesting an appropriate charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 627; Dec. Dig. §§ 211, 255.*]

Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Paverman against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff, entered on the verdict of a jury, defendants appeal. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Masten & Nichols (Anthony J. Ernest, of counsel), for appellants.
Bernard Gordon, for respondent.

GIEGERICH, J. This is an action to recover damages for personal injuries sustained by the plaintiff while attempting to board a street car of a line operated by the defendants. The principal issue was whether or not the car had stopped when the plaintiff attempted to get on it. The plaintiff and one disinterested witness testified that it had. The conductor and motorman and four disinterested witnesses testified that it had not. The jury found a verdict of $200 for the plaintiff, and the court refused to set it aside.

We are not disposed to interfere with the result reached by the jury and approved by the trial court. Their judgment as to the credibility of the witnesses and the weight to be given to the conflicting testimony ought to prevail, unless the record plainly shows an abuse of the powers confided to the jury and of the discretion reposed in the trial court. The jury found for the plaintiff, and the trial judge, who saw and heard the witnesses, was satisfied with the result. The record before us is not of such a character as to justify us in saying that they were both wrong.

At the request of the plaintiff's counsel, the court charged that the plaintiff was not bound to call a certain witness, who had taken the plaintiff home after the accident and was in court at the time of the trial. There was no error in this charge. If the circumstances were sufficient to justify any inference against the plaintiff from his failure to call the witness, the defendants' counsel should have raised that question by requesting an appropriate charge on the point.

The judgment must be affirmed, with costs.

LEHMAN, J., concurs.

GOFF, J. (dissenting). As I read the record, the weight of evidence was decidedly against the plaintiff. An analysis of the testimony of the witness Glasser shows that his testimony should not be marshaled

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the plaintiff's side. He had signed a statement, shortly after the accident, that the car was slowly moving when the plaintiff attempted to board it. Plaintiff's testimony substantially stands alone, and it does not, in point of credibility, outweigh the testimony of six witnesses, some of whom were disinterested. Plaintiff did not establish his case by a fair preponderance of the credible testimony, and the verdict should have been set aside.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.